# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 3:08-07-02 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| STERLIN YAZMIN LONG-PAYTON | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

### I. Introduction

On March 12, 2008, the Government filed an Indictment (ECF No. 1) against Defendant Sterlin Yazmin Long-Payton, charging her with possession with intent to distribute a quantity of 3,4-methylenedioxyamphetamine, commonly known as ecstasy, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2. Trial in this matter is currently scheduled to begin on May 18, 2015.

Pending before the Court in this matter are (1) Defendant's motion in limine (ECF No. 275) to preclude the Government from introducing evidence that the Court has already suppressed; (2) Defendant's motion in limine (ECF No. 276) to preclude expert testimony; and (3) Defendants' motion in limine (ECF No. 277) to admit exculpatory evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. The Government has filed a response (ECF No. 286) to the motions. The issues have been fully briefed, and the motions are ripe for disposition. For the reasons explained below, the Court will grant Defendant's motion to preclude the Government from introducing evidence already

suppressed by the Court, but will deny Defendant's motion to exclude expert testimony and Defendant's motion to admit Rule 404(b) evidence.

II.     **Background**

This case arises from a traffic stop initiated by Corporal Robert Johnson involving a 1997 Buick Park Avenue on the Pennsylvania Turnpike on May 25, 2007.[1] Defendant was the driver of the vehicle, and her co-defendant, Charles Gooch, was riding as a passenger. During the traffic stop, Corporal Johnson discovered and seized a quantity of ecstasy tablets from the trunk of the vehicle. Both Defendant Long-Payton and Gooch were indicted and charged with possession with intent to distribute ecstasy. The Indictment charges that, from on or about May 25, 2007, in the Western District of Pennsylvania, the Defendant, Sterlin Yazmin Long-Payton, did knowingly, intentionally and unlawfully possess with intent to distribute a quantity of 3,4-methylenedioxyamphetamine, commonly known as ecstasy, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.

To prove that Defendant committed the crime of possession with intent to distribute a quantity of 3,4-methylenedioxyamphetamine, the Government must show: (1) that on or about the date set forth in the Indictment, the defendant possessed with intent to distribute a controlled substance, in this case, ecstasy; (2) that the defendant did so knowingly and intentionally; and (3) that methylenedioxyamphetamine, commonly

---

[1] This Court previously detailed the circumstances surrounding this stop in its memorandum opinion on Defendant's motion to suppress. *See United States v. Gooch*, 915 F. Supp. 2d 690, 696-701 (W.D. Pa. 2012).

2

known as ecstasy, is a Schedule I controlled substance, pursuant to Title 21, United States Code, Section 812(c), Schedule I(c)(1).

**III.   Discussion**

    **A.   Motion to Preclude Introduction of Suppressed Evidence (ECF No. 275)**

Defendant has filed a motion (ECF No. 275) to preclude the Government from presenting evidence, which the Court has already suppressed, from the police cruiser recording of the traffic stop of the vehicle Defendant was driving. As noted above, this case arises from a traffic stop involving Defendant's vehicle by the Pennsylvania State Police on the Pennsylvania Turnpike on May 25, 2007. Defendant contends that the Government will seek to introduce the video recording of the stop into evidence, and argues that this Court has already entered an order suppressing Defendant's statements to Corporal Johnson, which were recorded on the video, because Corporal Johnson did not properly administer *Miranda* warnings to Defendant. (*Id.* at 2-3). Defendant asserts that such evidence is inadmissible under the Federal Rules of Evidence because it is irrelevant under Rule 401 and because it is unduly prejudicial under Rule 403. Defendant asks that the audio and video recording of the traffic stop be excluded, beginning at the point that Corporal Johnson attempts to administer the defective *Miranda* warnings to Defendant, at 3:56:40 (22:24). (*Id.* at 3).

In response, the Government acknowledges that the Court previously ruled that the *Miranda* warnings administered by Corporal Johnson were defective. Thus, the Government concedes that this portion of the video recording should not be admitted into evidence or played for the jury. (ECF No. 286 at 2).

3

Accordingly, Defendant's motion (ECF No. 275) to preclude the introduction of already suppressed evidence is **GRANTED**, in accordance with this Court's previous ruling on Defendant's motion to suppress. *See United States v. Gooch*, 915 F. Supp. 2d 690, 722-23 (W.D. Pa. 2012). The audio and video recording of the traffic stop of Defendant's vehicle beginning at the point when Corporal Johnson attempts to administer the defective *Miranda* warnings will be excluded.

### B. Motion to Preclude Expert Testimony (ECF No. 276)

Defendant has filed a motion (ECF No. 276) to preclude expert testimony of Special Agent Arnold Bernard. The Government intends to offer Agent Bernard as an expert in "drug trafficking." Defendant objects on a number of grounds.

First, Defendant argues that the Government has not provided adequate notice of the expert opinion that it intends to offer at trial, in violation of Rule 16(a)(1)(G) of the Federal Rules of Procedure. (*Id.* at 2). Next, Defendant argues that Agent Bernard's testimony is not relevant under Rule 401 and his testimony would be unfairly prejudicial to Defendant under Rule 403. (*Id.* at 4). Third, Defendant argues that Agent Bernard's proposed testimony regarding the roles of participants and the normal practices of participants in drug trafficking organizations violates Rule 704. (*Id.* at 8). Finally, Defendant argues that Agent Bernard's testimony is inadmissible under Rule 702 because it is anecdotal and not generally accepted science. (*Id.* at 11).

In response, the Government asserts that it has provided adequate notice to Defendant, and that Agent Bernard's testimony will be relevant and not prejudicial, and

will assist the jury in understanding the evidence as well as determine a fact in issue. (ECF No. 286 at 2). The Government notes that one of the elements it must prove beyond a reasonable doubt at trial is that possession of the ecstasy pills was "with the intent to distribute." (*Id.* at 4). The Government explains that Agent Bernard, based on his knowledge, skill, experience, and training "will testify as to what constitutes a personal use amount of controlled substances versus an amount indicative of distribution." (*Id.*). Agent Bernard will also testify concerning the roles of participants in drug trafficking organizations.

Initially, the Court will address Defendant's argument that the Government's notice is deficient. Rule 16(a)(1)(G) of the Federal Rule of Criminal Procedure provides,

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The Government provided Defendant with a "Fourth Supplemental Rule 16 Disclosure," providing notice to Defendant of the Government's intention to use Agent Bernard as an expert witness. (*See* ECF No. 286 at 3). The disclosure provided a summary of Agent Bernard's testimony, explaining that his testimony "will involve defining a drug trafficking organization, the roles of participants in a drug trafficking organization, as well as the normal practices of these participants . . . [and] what constitutes a personal use amount of a controlled substance versus an amount of controlled substance indicative of distribution." (*Id.*). Likewise, the Government provided a detailed summary of Agent

Bernard's qualifications and the bases and reasons for his opinions. (*Id.* at 3-4). The written summary provided to Defendant by the Government sufficiently satisfies the notice requirements of Rule 16(a)(1)(G). *See United States v. McNeil*, No. 3:09-cr-320, 2010 WL 56096, at *7 (M.D. Pa. Jan. 5, 2010) (explaining that the purpose of the disclosure requirement is to provide defendant with an opportunity to challenge the expert's opinion and qualifications).

Next, the Court finds that Agent Bernard's proffered testimony is relevant to proving the offense charged in this case and is not unfairly prejudicial and that the testimony of Agent Bernard, as summarized in the Government's disclosure, will help the jury in making a determination of a fact at issue in this case. Importantly, the Government must prove that Defendant knowingly and intentionally possessed with the intent to distribute ecstasy. The Government notes that its theory of the case is that Defendant "was a knowing courier of the 11,201 ecstasy pills found in the trunk of the car she was driving based upon her actions, reactions, and statements." (ECF No. 286 at 5). As explained in the Government's summary, Agent Bernard will testify regarding quantities of drugs related to personal use versus those quantities indicative of distribution. Such testimony meets the admissibility threshold of Rule 401.[2] Likewise,

---

[2] Rule 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 402 states that relevant evidence is admissible unless the Constitution, a federal statute, the Federal Rules of Evidence, or rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 402. Although evidence must be relevant to be admissible, Rule 401 does not set a high standard for admissibility. *Hurley v. Atl. City Police Dep't*, 174 F. 3d 95, 109–10 (3d Cir. 1999) (citation omitted). The Third Circuit has explained:

Agent Bernard's testimony satisfies the balancing requirement of Rule 403[3] because the probative value of his testimony would not be substantially outweighed by any danger of unfair prejudice.

Furthermore, Agent Bernard's testimony does not violate Rule 704 of the Federal Rules of Evidence. Rule 704(b) provides,

> In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.

The Third Circuit has explained the contours of Rule 704(b) as follows:

> Expert testimony concerning the *modus operandi* of individuals involved in drug trafficking does not violate Rule 704(b). For example, a Government expert may testify about the meaning of narcotics code words. A Government expert may also testify about the quantity, purity, usual dosage units, and street value of narcotics. And, an expert may testify about the various counter-surveillance techniques used by drug dealers to avoid detection by the police.

---

> Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Because the rule makes evidence relevant if it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has *no* tendency to prove the fact.

*Blancha v. Raymark Indus.*, 972 F. 2d 507, 514 (3d Cir. 1992) (emphasis in original) (citations and quotations omitted).

[3] Under Rule 403, relevant evidence is inadmissible "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 mandates a balancing test, "requiring sensitivity on the part of the trial court to the subtleties of the particular situation." *United States v. Vosburgh*, 602 F. 3d 512, 537 (3d Cir. 2010). Relevant here, the advisory notes to Rule 403 state that "unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee note; *see Dollar v. Long Mfg., N.C., Inc.*, 561 F. 2d 613, 618 (5th Cir. 1977) ("Of course, 'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'").

> There is, however, a [fine] line that expert witnesses may not cross. It is well established that experts may describe, in general and factual terms, the common practices of drug dealers. Expert testimony is admissible if it merely support[s] an inference or conclusion that the defendant did or did not have the requisite mens rea, so long as the expert does not draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony. It is only as to the last step in the inferential process—a conclusion as to the defendant's mental state—that Rule 704(b) commands the expert to be silent.
>
> Rule 704(b) may be violated when the prosecutor's question is plainly designed to elicit the expert's testimony about the mental state of the defendant, or when the expert triggers the application of Rule 704(b) by directly referring to the defendant's intent, mental state, or mens rea. Rule 704 prohibits testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea.

*United States v. Watson*, 260 F. 3d 301, 308-09 (3d Cir. 2001) (citations and quotations omitted).

Here, Agent Bernard's testimony is not being offered to show Defendant's mental state or condition constituting an element of the crime charged. Instead, Agent Bernard's opinion concerns what constitutes a personal use amount of controlled substances versus an amount indicative of distribution; background information about what a drug courier is and what a drug courier's role and function is; and the role of various participants in a drug trafficking organization. Such testimony will be helpful to the jury in deciding a fact at issue and does not violate Rule 704. *See United States v. Price*, 458 F. 3d 202, 212 (3d Cir. 2006) (explaining that expert's testimony did not violate Rule 704(b) where the testimony was no more and no less than a description, "in general and factual terms, [of] the common practices of drug dealers"); *United States v. Barrett*, 394 F. App'x 866, 870 (3d Cir.

8

2010). To be clear, Agent Bernard is not permitted to testify concerning the Defendant's intent, mental state, or mens rea. *See, e.g., Watson*, 260 F. 3d at 309 (explaining that expert's opinion that Defendant "possess[ed] with the intent to distribute [drugs] to someone else" violates Rule 704(b)). However, Agent Bernard's proffered testimony, as summarized in the disclosure provided by the Government, does not transgress Rule 704(b) because it does not "draw the ultimate inference or conclusion for the jury." *United States v. Bennett*, 161 F. 3d 171, 183 (3d Cir. 1998).

Finally, the Court will address Defendant's argument that Agent Bernard's testimony is inadmissible under Rule 702.[4] Rule 702 provides that an expert witness may be permitted to testify regarding "scientific, technical, or other specialized knowledge" if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. For expert testimony to be admissible, three additional requirements must be satisfied: (1) the testimony must be "based upon sufficient facts or data," (2) the testimony must be "the product of reliable principles and methods," and (3) the expert witness must have "reliably applied the principles and methods to the facts of the case." *Id.* The Court is thus obligated to consider a "trilogy of restrictions" before admitting

---

[4] In her motion, Defendant requests a *Daubert* hearing, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to assess the reliability of Agent Bernard's testimony under Rule 702. (*See* ECF No. 276 at 12, ¶ 26). The Court has discretion in deciding whether a hearing is necessary to determine whether an expert's testimony satisfies Rule 702 and *Daubert. See Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 417 (3d Cir. 1999); *Murray v. Marina Dist. Dev. Co.*, 311 F. App'x 521, 523 (3d Cir. 2008). The Court finds that a *Daubert* hearing is not necessary under the facts and circumstances of this case, given the record before the Court. *See Westfield Ins. v. Detroit Diesel Corp.*, No. 3:10-cv-100, 2012 WL 1611311, at *4 (W.D. Pa. May 8, 2012). Importantly, in its response in opposition, the Government provides an excerpt from the Fourth Supplemental Rule 16 Disclosure that it provided to Defendant. (ECF No. 286 at 3-4). In the disclosure, the Government details Special Agent Bernard's education, training, skills, and experience. The Court has carefully reviewed the pleadings and finds a *Daubert* hearing is not necessary.

expert testimony: qualification, reliability, and fit. *Schneider ex rel. Estate of Schneider v. Fried*, 320 F. 3d 396, 404 (3d Cir. 2003). The Third Circuit has elaborated as follows:

> Qualification refers to the requirement that the witness possess specialized expertise. . . . Secondly, the testimony must be reliable; it must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation; the expert must have good grounds for his on her belief. . . . Finally, Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant

*Id.* (internal citations and quotations omitted). The party offering the expert testimony must prove the Rule 702 requirements by a preponderance of the evidence. *In re TMI Litig.*, 193 F. 3d 613, 663 (3d Cir. 1999). The trial judge serves as a "gatekeeper" in determining the admissibility of proposed expert testimony. *United States v. Schiff*, 602 F. 3d 152, 172 (3d Cir. 2010); *Encore Med., L.P. v. Kennedy*, No. 3:12-cv-58, 2013 WL 9569842, at *1-2 (W.D. Pa. Dec. 30, 2013).

Reviewing the record before the Court, including the summary contained in the Government's disclosure to Defendant, the Court finds that the Government has satisfied its burden of showing the qualification, reliability, and fit requirements under *Daubert* and Rule 702 to admit the expert testimony of Agent Bernard. Regarding his education and training, Agent Bernard has been a special agent with the FBI for 29 years, he has received in depth training in drug investigations, he has received on-line drug training, and he receives yearly training through the Pennsylvania Narcotics Officers Association. Regarding his experience, Agent Bernard has worked for more than two decades with the FBI on drug investigations. He has been involved in a number of tasks forces at the federal, state, and local levels. He has investigated drug deals and operations, conducted

drug buys as an undercover officer, executed numerous drug search warrants, and participated as a witness in many drug investigations and prosecutions. Based on this information, along with the other details in the Government's disclosure, Agent Bernard is qualified to offer testimony regarding drug trafficking operations. Likewise, Bernard's testimony, as summarized by the Government, is both reliable and satisfies the fit requirement of Rule 702. *See United States v. Lee*, 339 F. App'x 153, 158 (3d Cir. 2009); *Smith v. United States*, No. 09-cv-533-GMS, 2012 WL 3929943, at *13 (D. Del. Sept. 7, 2012) (finding officer qualified to offer expert testimony concerning the methods of drug trafficking operations); *United States v. Morris*, No. 05-cr-440-13, 2010 WL 3505131, at *10 (E.D. Pa. Sept. 2, 2010). Thus, Agent Bernard will be permitted to testify as an expert in drug trafficking.

Accordingly, Defendant's motion (ECF No. 276) to preclude expert testimony by Special Agent Arnold Bernard is **DENIED**.

### C. Motion to Admit Rule 404(b) Exculpatory Evidence (ECF No. 277)

Defendant has filed a motion (ECF No. 277) seeking to admit exculpatory evidence pursuant to Rule 404(b).[5] Specifically, Defendant wishes to introduce evidence at trial that her co-defendant, Charles Gooch,

> (1) possessed with intent to distribute (and indeed *admitted* to possessing with intent to distribute) the ecstasy tablets that were seized from the Buick on May 25, 2007, (2) possessed with intent to distribute an additional large quantity of ecstasy tablets on December 13, 2007, as recounted in the Indiana appellate court opinion appended hereto, and

---

[5] Rule 404(b) of the Federal Rules of Evidence provides, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

(3) any other admissions by Gooch made in connection with the preparation of his Pre-Sentence Report.

(ECF No. 277 at 4-5, ¶ 5). Defendant argues that she should be permitted to present exculpatory evidence to the jury that Gooch alone possessed with the intent to deliver the ecstasy pills in Defendant's car. Defendant asserts that Gooch plead guilty to the charge in the Indictment, acknowledging that he committed the offense charged. (*Id.* at 4, ¶ 4). According to Defendant, Gooch never implicated Defendant. (*Id.* at 5, ¶ 6). Defendant proposes to present Gooch's Presentence-Investigation Report ("PSIR"), which was prepared in anticipation of his sentencing before this Court, to show that "he made admissions . . . that he alone was responsible for possessing with the intent to deliver the ecstasy tablets on May 25, 2007." (*Id.* at 6, ¶ 7).

However, Gooch's PSIR cannot be construed in the manner suggested by Defendant. The fact that Gooch plead guilty to the offense charged in the Indictment does not establish that he alone committed the crime charged. Importantly, the Indictment does not charge the Defendants with a conspiracy. Instead, the Indictment charges both Defendants with the crime of possession with intent to distribute ecstasy. While Defendant is free to call witnesses—including Gooch—who may testify that Gooch alone committed the offense charged, Defendant will not be permitted to present Gooch's PSIR to the jury as an admission that he alone possessed the drugs.

Similarly, Defendant argues that she should be permitted to introduce evidence of Gooch's involvement in a similar incident involving the possession and distribution of ecstasy tablets shortly after the incident at issue in this case. (*Id.* at 3, ¶ 3). In that case,

which occurred in the state of Indiana, Gooch was charged with dealing in a controlled substance and possession of a controlled substance, and he was found guilty by a jury. (*Id*.). Defendant asserts that evidence of Gooch's other conviction is "incredibly important exculpatory evidence and helpful to the defense as it would . . . go to show that it was Gooch who possessed with the intent to deliver the ecstasy tablets the Defendant is charged with possessing with the intent to deliver." (*Id*. at 5, ¶ 6).

Defendant has presented a "reverse 404(b)" argument. *See United States v. Williams*, 458 F. 3d 312, 315 (3d Cir. 2006) ("In contrast to ordinary 'other crimes' evidence [under Rule 404(b)], which is used to incriminate criminal defendants, 'reverse [Rule] 404(b)' evidence is utilized to exonerate defendants.") (citation omitted). Defendant's argument fails, however, because she is seeking to introduce nothing more than propensity evidence. Defendant intends to present evidence that Gooch committed a similar crime of possession with intent to distribute ecstasy to show that he committed the same crime on May 25, 2007. Such evidence is not appropriate because "Rule 404(b) bars evidence that tends to prove the character of any '*person*' to show conformity therewith." *Williams*, 458 F. 3d at 317 (explaining that "the prohibition against propensity evidence applies regardless of by whom—and against whom—it is offered"). Gooch's guilt for a similar crime committed in Indiana in no way disproves Defendant's guilt on the charged offenses presently before this Court.

Accordingly, Defendant's motion (ECF No. 277) to admit exculpatory evidence pursuant to Rule 404(b) is **DENIED**.

## IV. Conclusion

For the reasons explained above, the Court will grant Defendant's motion in limine (ECF No. 275) to preclude the Government from introducing evidence in the form of certain portions of the audio and video from the traffic stop; deny Defendant's motion in limine (ECF No. 276) to preclude expert testimony of Special Agent Arnold P. Bernard; and deny Defendants' motion in limine (ECF No. 277) to admit exculpatory evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 3:08-07-02 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| STERLIN YAZMIN LONG-PAYTON | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 15th day of May, 2015, upon consideration of the motions in limine (ECF Nos. 275, 276, 277) filed by Defendant Sterlin Yazmin Long-Payton, and upon further consideration of the Government's response, and in accordance with the foregoing memorandum opinion of this Court, **IT IS HEREBY ORDERED** as follows:

1. Defendant's motion in limine (ECF No. 275) to preclude the Government from introducing evidence in the form of certain portions of the audio and video from the traffic stop, which the Court has already suppressed, is **GRANTED**.

2. Defendant's motion in limine (ECF No. 276) to preclude expert testimony is **DENIED**.

3. Defendants' motion in limine (ECF No. 277) to admit exculpatory evidence pursuant to Rule 404(b) of the Federal Rules of Evidence is **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE